HAGAN v. WARD et al.

(Supreme Court, Appellate Division, First Department. March 8, 1901.)

CONTRACTS—RESCISSION—ACTION—LIS PENDENS.

> Plaintiff brought an action to rescind an agreement and transfer of property made by decedent, of whom she was the sole heir, pending another action brought by her to determine the validity of the probate of decedent's alleged last will, under which she obtained no interest in the property, alleging duress and undue influence. *Held*, that the action could not be maintained until she succeeded in the suit to set aside the will.

Appeal from special term, New York county.

Action by Katherine C. K. Hagan against Sidney Ward, executor of Anna Sutherland, and another. From a judgment in favor of plaintiff, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

George P. Hoatling, for appellants.
Everett V. Abbott, for respondent.

PER CURIAM. This action is brought to rescind an agreement and transfer made by Anna Sutherland, now deceased, to Louis V. Sone, which, it is alleged, was obtained by fraud, duress, and undue influence. The plaintiff avers that she is the sole heir and next of kin of Anna Sutherland, and as such has brought and is now maintaining in the supreme court an action to determine the validity of the probate of an alleged last will and testament of the said Anna Sutherland. The latter, it appears, was in her lifetime legatee and devisee of certain interests by the will of her father and brother; and these interests, as alleged, she transferred, for an inadequate consideration, to the defendant Sone, and thereafter died, leaving the last will and testament which has been admitted to probate, but under which, seemingly, the plaintiff obtained no interest or property. We do not see upon what theory the plaintiff can maintain this action until such time as she has succeeded in the suit brought by her to set aside the will, because, as matters now stand, she has no right or interest in the property covered by the contract sought to be rescinded, nor in the property left by Anna Sutherland by her last will and testament. Upon this ground, we think that the demurrer to the complaint should have been sustained.

The interlocutory judgment appealed from should therefore be reversed, with costs, and the demurrer sustained, with costs; but with leave to the plaintiff within 20 days to plead over upon payment of costs in this court and in the court below.